UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: JAMES AND RENAY WILSON,

        Debtor(s),

Case Number 10-12886
Bankr. Number 10-45791
Honorable David M. Lawson

_____/

STATE OF MICHIGAN, DEPARTMENT OF
TREASURY,

        Plaintiff-appellant,

v.

JAMES AND RENAY WILSON,

        Defendants-appellees.

_____/

## OPINION AND ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

Debtors James and Renay Wilson filed a petition for Chapter 13 bankruptcy protection on February 26, 2010 and proposed a plan that would treat the State of Michigan as a priority creditor for the debtors' 2009 income tax obligation, meaning that the claim would be paid in full but the payments would be deferred over the life of the plan. The State objected, arguing that it could not be forced to participate in the plan as a creditor because the income tax was not due until April 15, 2010, which rendered the tax a post-petition debt. The State also objected to the debtors filing a claim on its behalf. The bankruptcy court overruled the objection and confirmed the plan. It held that the Bankruptcy Code treats as pre-petition debts obligations for taxes that accrue before the petition is filed but do not become payable until afterward. Such claims have come to be known as "straddling income tax claims." *See In re Senczyszyn*, 444 B.R. 750, 753 n.1 (E.D. Mich. 2011). The State appealed. The Court agrees with the bankruptcy court's conclusion that the 2009 income

tax obligation properly was included in the plan as a priority claim and that the court correctly confirmed the plan. Therefore, this Court will affirm the order of the bankruptcy court.

I.

The facts are not in dispute. James and Renay Wilson filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on February 26, 2010. The debtors timely filed their joint Michigan income tax return for 2009 around March 26, 2010.

The debtors' 2009 Michigan tax year ended on December 31, 2009. The debtors' return showed that they owed the State of Michigan $1,576 in income tax for 2009. The deadline for filing the 2009 Michigan income tax return was April 15, 2010. The debtors acknowledge that the State could not collect their 2009 income tax debt until April 15, 2010, even though they filed their tax return before the deadline.

The State did not file any proof of claim in this case for the debtors' 2009 income tax liability. The deadline for filing a proof of claim was August 25, 2010 — 180 days after the filing of the bankruptcy petition. However, the debtors filed their first amended Chapter 13 plan on April 30, 2010, which listed the 2009 income tax obligation as a priority claim.

The debtors addressed the priority unsecured claims in paragraph I.D.6., "Class six," of the amended Chapter 13 plan. That section of the plan identified the State as holding a priority unsecured claim in the amount of $1,576 for the tax year 2009. The plan listed the priority unsecured claims as being treated under Class Six, as required by 11 U.S.C. § 1322(a)(2) (requiring the plan to "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title [which includes certain income taxes], unless the holder of a particular claim agrees to a different treatment of such claim").

The State was served with the first amended Chapter 13 plan on April 30, 2010. Paragraph II.F.4 of the plan contained the following language, which "deemed" the State's proof of claim "filed," despite the State's inaction:

> In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict: A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four, Five or Six of this plan, except a claim or interest that is disputed, contingent or nonliquidated and labeled as such in this plan. . . .

The debtors also filed an amended Schedule E on April 30, 2010. The debtors' amended Schedule E specified that the State was to be paid as a priority creditor the amount of $1,576 for the 2009 state income tax obligation. The debtors listed the amount on Schedule E based upon their state income tax return for the year, which was filed post-petition around March 26, 2010.

On May 6, 2010, the State filed objections to the plan, arguing that the State cannot be forced to participate in the Debtors' Chapter 13 bankruptcy because the income taxes for the 2009 tax year were not due until April 15, 2010, making it a post-petition debt. The State had not filed a proof of claim, and it insisted that the debtors could not do so on its behalf. The bankruptcy court heard oral argument on May 20 and July 1, 2010. On July 7, 2010, the bankruptcy court overruled the State's objections to confirmation with respect to allowing the 2009 tax claim to be paid as a priority claim through the Chapter 13 plan. The bankruptcy court relied heavily on *In re Hight*, 426 B.R. 258 (Bankr. W.D. Mich. 2010), which held that straddling tax claims must be treated as pre-petition claims. *Id.* at 260-63. The bankruptcy court acknowledged as a general matter that a claim cannot arise under the Bankruptcy Code until the creditor has a right to payment, and under that definition the 2009 income tax obligation was a post-petition debt. However, the court determined that section 502(i) of the Bankruptcy Code directs that taxes "entitled to priority under section 507(a)(8)" are

to be allowed "the same as if such claim had arisen before the date of the filing of the petition," 11 U.S.C. § 502(i), and the 2009 income tax due in this case was a tax included within 11 U.S.C. § 507(a)(8).

The bankruptcy court also held that only the State may file a proof of claim under 11 U.S.C. § 501 in the first instance. However, if the State failed to do so within the deadline, the debtor could file a proof of claim within thirty days thereafter under 11 U.S.C. § 501(c) and Federal Rule of Bankruptcy Procedure 3004. The court sustained the State's objections to confirmation insofar as the plan fixed the amount of the claim and "deemed" a proof of claim in that amount as having been filed, because the State did not file a proof of claim and the time when the debtor could file a protective claim had not yet arrived. The court overruled the State's objection to the debtors' inclusion of the 2009 income tax debt as a priority claim to be satisfied by deferred cash payments.

Finally, the court found that its ruling did not contravene 11 U.S.C. § 1305(a)(1), which states that "[a] proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending . . . ." The State's option to file a claim under section 1305, the court reasoned, is not a basis for disallowance of a claim under section 502(b) (which requires disallowance of claims for an unmatured interest) filed by the debtors.

The State timely appealed. The Court heard oral argument on January 11, 2011 and took the matter under advisement. The bankruptcy court's decision in *In re Hight* raising the same issues, which had been affirmed by the district court, was appealed to the Sixth Circuit, and this Court was awaiting guidance from the appellate court. However, an opinion has not been forthcoming, and the present matter is ready for decision.

II.

On July 7, 2010, the bankruptcy court overruled the State of Michigan's objections to the confirmation of the debtors' Chapter 13 plan and confirmed the plan.

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1); *Central States, Se. & Sw. Areas Pension Fund v. U.S. Truck Co. Holdings, Inc. (In re U.S. Truck Co. Holdings)*, 341 B.R. 596, 599 (E.D. Mich. 2006). The Sixth Circuit has held that "finality 'is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations.'" *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008) (quoting *Lindsey v. O'Brien, Tanksi, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning)*, 86 F.3d 482, 488 (6th Cir. 1996)). "Therefore, where an order in a bankruptcy case finally dispose[s] of discrete disputes within the larger case, it may be appealed immediately." *Ibid.* (internal quotation marks omitted); *see also Morton v. Morton (In re Morton)*, 298 B.R. 301, 303 (B.A.P. 6th Cir. 2003) (noting that a bankruptcy court's order overruling a Chapter 13 debtor's objection to claims was a final order because it ended litigation on the merits and left nothing for the court but the execution of judgment).

"The bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed de novo." *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 935-36 (6th Cir. 2010) (citing *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 433 (6th Cir. 2004)).

The State's main argument focuses on 11 U.S.C. § 1305(a)(1), which states: "A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending." Seizing on the language "may be filed by any

entity that holds a claim against the debtor," the State contends that the statute creates a one-way street. The prerogative to file a claim for a post-petition tax debt, the State insists, lies solely with the creditor, which may chose to participate in the debtor's plan for repayment or not, as it sees fit. The State acknowledges that under sections 502(i) ("A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined . . . the same as if such claim had arisen before the date of the filing of the petition.") and 501(c) ("If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."), the debtor may file a proof of claim for certain taxes if the governmental creditor does not do so on time. But the State says that section 502(i) does not apply because the straddling tax claim in this case does not meet the requirements of section 507(a)(8), specifically subparagraph (A)(i) of that section, because the tax return was not due before the petition date, which the State believes is a requirement of that subparagraph.

The debtors argue that the State misreads section 507(a)(8)(A)(i), and the straddling 2009 income tax claim must be considered a post-petition claim that is entitled to priority, and therefore included, in the plan and treated as a pre-petition debt. Alternatively, the debtors argue that the tax debt was payable at the end of the tax year, not when the return was due, and therefore the 2009 tax liability arose pre-petition. Either way, the debtors contend, they had a right under section 501(c) to file a claim for the State if it did not do so on time.

A.

To begin, the debtors here were obliged to include their 2009 income tax obligation in their plan to be paid in full, albeit in deferred payments, if it was entitled to priority. Section 1322 states:

> (a) The plan —
> . . .
> (2) *shall* provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim. . . .

11 U.S.C. § 1322(a)(2) (emphasis added). The Court finds that the 2009 income tax is entitled to priority under 11 U.S.C. § 507(a)(8). That statute, which establishes the priority of claims, reads:

> Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for —
> > (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition —
> > > (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition . . . .

11 U.S.C. § 507(a)(8)(A)(i). The State's argument that this section only applies to tax returns that were due before the petition was filed does not follow the statutory language. As one court explained, the statute "actually applies when the return was last due *after*, not *within*, three years before the petition was filed." *Dixon v. IRS (In re Dixon)*, 218 B.R. 150, 153 (B.A.P. 10th Cir. 1998). The debtors' tax return was *first* due April 15, 2010, which fell inside that window. The Chapter 13 petition was filed on February 26, 2010. "[A] return coming due after the petition was filed is indeed due 'after three years before' the petition, which is what the statute requires." *Ibid.* And the 2009 taxable year ended before the petition was filed.

B.

The question whether a debtor may file a protective claim for a post-petition debt under section 1305(a)(1) has divided the courts. *Compare In re Senczyszyn*, 444 B.R. 750, 755-57 (E.D. Mich. 2011) (holding that section 1305(a)(1) implicitly bars debtors from filing claims for post-

petition debts on behalf of creditors); *In re Smith*, 192 B.R. 712, 714 (Bankr. E.D. Tenn. 1996) (holding that section 1305(a)(1) does not permit a debtor to file tax claim on behalf of government) ; *In re Rhodes*, No. 93-02411, 1994 WL 738645, at *2 (Bankr. D. Idaho Dec. 21, 1994) (same); *In re Hudson*, 158 B.R. 670, 674 (Bankr. N.D. Ohio 1993) (same); *In re Dickey*, 64 B.R. 3, 4 (Bankr. E.D. Va. 1985) (same) *with In re Hight*, 434 B.R. 505, 509-10 (W.D. Mich. 2010) (holding that section 1305(a) does not prohibit a debtor from filing a claim on behalf of a creditor if another section of the Bankruptcy Code authorizes it); *In re Flores*, 270 B.R. 203, 206 (Bankr. S.D. Tex. 2001) (same).

Section 1305(a)(1) states:

A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending.

As the statutory text makes clear, the authority conferred by *this* statute to file a claim for a post-petition tax debt is confined to the "entity that holds the claim," which plainly does not include the debtor. However, as the bankruptcy court observed in this case, section 502(i) relegates the 2009 tax debt to pre-petition status, and section 501(c) would allow the debtor to file a protective claim for a creditor who did not do so on time. The district court in *Senczyszyn* considered the interplay of these statutes when deciding whether a straddling state income tax claim properly was included in a Chapter 13 plan, and held that section 1305(a) not only failed to grant permission to a debtor to file a protective claim for the State, but that it actually barred the debtor from doing so. This Court cannot subscribe to that conclusion for several reasons.

First, the court in *Senczyszyn* viewed section 1305(a) as an "exception" to the general rules that apply to claims in bankruptcy proceedings, and therefore reasoned that the specific provision in this statute, which is limited to Chapter 13 proceedings, must govern the general provisions.

-8-

*Senczyszyn*, 444 B.R. at 756-57.  However, neither the text nor the history of section 1305 supports the view that it was intended to displace the general rules set forth in Chapter 5 of the Bankruptcy Code.  The statute certainly contains no express disqualification of a debtor as a claim filer for post-petition debts.  It does not state, for instance, that a post-petition claim may be filed *only* by a creditor; nor does it purport to suspend the application of the general provisions found in Chapter 5.  And the language — "A proof of claim *may be filed*" — is permissive, not restrictive.  "It does not exclude other means of allowing postpetition claims."  *In re Flores*, 270 B.R. at 206.  The Senate Report on the legislation is consistent with that view:

> Section 1305, exclusively applicable in chapter 13 cases, *supplements the provisions of sections 501-511 of Title 11*, dealing with the filing and allowance of claims.  Sections 501-511 apply in chapter 13 cases by virtue of section 103(a) of this title.  Section 1305(a) provides for the filing of a proof of claim for taxes and other obligations incurred after the filing of the chapter 13 case.  Subsection (b) prescribes that section 502 of title 11 governs the allowance of section 1305(a) claims, except that its standards shall be applied as of the date of allowance of the claim, rather than the date of filing of the petition.

S. Rep. No. 95-989, at 140 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5926 (emphasis added).  And in subparagraph (b) of section 1305, Congress specifically addressed the more general provision for claim determination in section 502 and altered its application for post-petition claims filed under section 1305 by fixing the date for determining claims "as of the date such claim arises," 11 U.S.C. § 1305(b) instead of "the date of the filing of the petition," *id.* § 502(b).  If Congress intended section 1305 to modify or suspend other sections in Chapter 5, it certainly knew how to do so.

Second, the canons of statutory construction do not support the idea that a restriction that prohibits debtors from filing post-petition claims on behalf of creditors can be implied from section 1305(a).  The *Senczyszyn* court employed the canon *expressio unius est exclusio alterius* ("the

expression of one thing is the exclusion of others") to reach the conclusion that Congress implied a bar against debtors filing such claims, even when section 501(c) would otherwise allow the filings. But that canon does not fit here. "[T]he canon *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (citing *United States v. Vonn*, 535 U.S. 55, 65 (2002)). Section 1305(a) contains no list or grouping of authorized post-petition claim filers; it identifies only one: "any entity that holds a claim against the debtor for taxes." And while the statutory language plainly supports the idea that this section, by itself, does not authorize a debtor to file such a post-petition claim on behalf of a creditor, there is no basis to conclude that Congress intended to *prohibit* a debtor from filing such a claim if a different statute authorized it. *Millsaps v. Thompson*, 259 F.3d 535, 546-47 (6th Cir. 2001) (holding that Congress's establishment of an election day did not imply that voting could not occur on other days as well).

Third, as mentioned above, the debtor is obliged to provide for such claims in his or her plan. Section 1322(a)(2) requires a debtor's Chapter 13 plan to "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). When section 1322(a)(2) is read in conjunction with sections 507(a)(8) and 502(i), it becomes apparent that the debtor has little alternative but to file a proof of claim on behalf of a governmental creditor for straddling tax claims entitled to priority.

-10-

Fourth, reading these statutes together to permit a debtor to file a proof of claim for a post-petition tax debt "that does not arise until after the commencement of the case" 11 U.S.C. § 502(i), "does not render § 1305 meaningless because . . . § 1305's reach is not limited to claims that arise immediately following the commencement of the case. It also covers postpetition claims that may not arise until years after the plan's confirmation." *Michigan Dep't of Treasury v. Hight (In re Hight)*, 434 B.R. 505, 509 (W.D. Mich. 2010).

The Court concludes, therefore, that although 11 U.S.C. § 1305(a) does not authorize a debtor to file a proof of claim on behalf of a creditor for taxes that become payable while the bankruptcy case is pending, neither does it prohibit such action.

C.

The debtors argue that their 2009 income tax obligation was a pre-petition debt. If it is, section 1305(a)(1) would not apply to that debt because the tax would have "become payable" before the petition was filed. Once again, courts are divided on the question of when an income tax debt becomes payable. The *Senczyszyn* court observed that three views have emerged from the decisions on this issue: taxes become payable at the end of the tax year, when the return is actually filed, or when the return is first due according to law. 444 B.R. at 757.

The *Senczyszyn* court thoroughly discussed the cases that yielded those three options and ultimately settled on the approach taken by *In re Joye*, 578 F.3d 1070 (9th Cir. 2009), concluding that income taxes "become payable" at the close of the tax year. 444 B.R. at 759. The *Joye* court, in turn, took its lead from the Tenth Circuit Bankruptcy Appellate Panel's decision in *Dixon v. IRS (In re Dixon)*, 218 B.R. 150 (B.A.P. 10th Cir. 1998). This Court is persuaded by the reasoning in these decisions, best summarized by the court in *Joye*, which is quoted at length here:

> [T]he panel in *Dixon* rightly stated that Chapter 13 of the Code is generally concerned with satisfying or discharging "claims" against a given debtor. *Dixon*, 218 B.R. 150, 152 (B.A.P. 10th Cir. 1998) (citing 11 U.S.C. §§ 1322, 1325 & 1328). A "claim" is broadly defined as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). This broad definition supports *Dixon*'s conclusion that the term "payable," which is used to define a certain class of claims, refers to a time before the creditor's right to payment matures into a legally enforceable prerogative.
> . . .
> Reviewing the statutory scheme of the Bankruptcy Code and the relevant legislative history, we conclude that Congress meant section 1305(a)(1) to refer to taxes that were incurred by the debtor during the pendency of the debtor's bankruptcy case. We would frustrate this congressional intent were we to construe the word "payable" to refer to only those taxes that have become "legally enforceable" or "justly due." Rather, as the court in *Ripley* stated, payable can also describe amounts that are simply "capable of being paid."
> . . .
> Applying this construction here, we hold that the Joyes' outstanding state taxes for the year 2000 cannot give rise to a post-petition claim pursuant to section 1305(a)(1). Under California law, personal taxes are calculated based on the given taxpayer's income earned "for each taxable year." A "taxable year" is in turn defined as a calendar year. Thus, the Joyes could have technically determined and paid their year 2000 taxes on the day after the close of the corresponding calendar year. Although the Joyes were not required to pay these taxes until April 15, 2001 (or at the latest October 15, 2001), their tax liability to the state for the year 2000 was nonetheless capable of being paid, and thus payable, as of January 1, 2001. Because this date fell prior to the date the Joyes filed their bankruptcy petition on March 7, 2001, these taxes cannot give rise to a post-petition claim under section 1305(a)(1).

578 F.3d at 1075-77.

The Court adopts this reasoning and the discussion by the court in *Senczyszyn*, 444 B.R. 759-761, and holds that the debtors' 2009 income taxes were payable on January 1, 2010. Therefore, the claim for those taxes was a pre-petition claim for which the debtors could file a proof of claim on behalf of the State once the State's time for filing lapsed. Because the claim was a priority claim that the debtors were obliged to include in their plan under 11 U.S.C. § 1322(a)(2), the bankruptcy court properly overruled the State's objection and confirmed the plan.

III.

Accordingly, it is **ORDERED** that the bankruptcy court's order overruling objections and confirming the Chapter 13 plan is **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 10, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---